ROBERT C. MAY III, State Bar No. 291483
rmay@chwlaw.us
JOHN A. ABACI, State Bar No. 166493
jabaci@chwlaw.us
ADAM N. MENTZER, State Bar No. 355197
amentzer@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 West Napa Street, Suite F
Sonoma, California 95476
Telephone:      (707) 986-8091
Facsimile:      (707) 509-7295

Attorneys for CITY OF SAN MATEO by and through
the CITY COUNCIL of the CITY OF SAN MATEO,
MATT FABRY an individual, in his capacity as the
DIRECTOR OF PUBLIC WORKS DEPARTMENT of
the CITY OF SAN MATEO, and the SUSTAINABILITY
& INFRASTRUCTURE COMMISSION OF THE CITY
OF SAN MATEO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALICIA WOODFALL-JONES, an individual,,<br><br>Petitioner,<br><br>v.<br><br>CITY OF SAN MATEO by and through the CITY COUNCIL OF THE CITY OF SAN MATEO; MATT FABRY, an individual, in his capacity as the Director of the Public Works Department of the City of San Mateo; and the SUSTAINABILITY & INFRASTRUCTURE COMMISSION OF THE CITY OF SAN MATEO,<br><br>Respondents. | Case No. 3:25-cv-04890-JD<br><br>**RESPONDENTS' CITY OF SAN MATEO'S ANSWER TO PETITION AND COMPLAINT** |
| CROWN CASTLE FIBER, LLC, a New York limited liability company; and VERIZON WIRELESS,<br><br>Real Parties in Interest. | |

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Respondent CITY OF SAN MATEO by and through the CITY COUNCIL OF THE CITY OF SAN MATEO;[1] MATT FABRY, an individual, in his capacity as the Director of the Public Works Department of the City of San Mateo; and the SUSTAINABILITY & INFRASTRUCTURE COMMISSION OF THE CITY OF SAN MATEO, (collectively "Respondents") answer the Petition of Petitioner ("Petitioner").  If an averment is not specifically admitted, it is hereby denied.

## ANSWER

1.      Paragraph 1 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations on information and belief.

2.      Paragraph 2 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations on information and belief.

3.      Paragraph 3 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations on information and belief.

4.      Paragraph 4 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations on information and belief.

5.      Paragraph 5 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent Paragraph 5 contains allegations to which a response is required, Respondents deny those allegations on information and belief.

---

[1] As filed, the Petition does not name the City Council of the City of San Mateo ("City Council") as a respondent. The Petition names the City of San Mateo "by and through the City Council" and other respondents parties separately. Accordingly, the City Council is not named as a party to this action and this Answer is made on behalf of the City of San Mateo ("City")—rather than City Council—and the other municipal respondents (Matt Fabry, an individual, in his capacity as the Director of the Public Works Department of the City of San Mateo, and the Sustainability & Infrastructure Commission of the City of San Mateo). Respondents reserve the right to amend this statement if this Court deems the City Council a named respondent.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

6.      Answering Paragraph 6, Respondents admit that on January 22, 2025 Petitioner filed an administrative appeal of the permit out of which her Petition arises (the "Permit"). Respondents lack information or belief sufficient to answer the allegations in the remainder of Paragraph 6, and, on that basis, deny each and every remaining allegation thereof.

7.      Answering Paragraph 7, Respondents deny that the City Council has been named in this action as a Respondent, as the City Council has solely been named in the caption as a representative of Respondent City of San Mateo. Respondents admit that the City Council is the governing body of Respondent City of San Mateo and that the City Council enacted Chapter 17.10 of the San Mateo Municipal Code concerning wireless facilities in the right of way.

8.      Answering Paragraph 8, Respondents admit that Respondent Director is the official charged with reviewing, denying and issuing wireless facility permits in the ROW. Respondents deny that Respondent Director "issued the Permit" on January 17, 2025..

9.      Respondents admit the allegations of Paragraph 9.

10.     Respondents admit the allegations of Paragraph 10.

11.     Respondents admit the allegations of Paragraph 11.

12.     Paragraph 12 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

13.     Paragraph 13 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

14.     Paragraph 14 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

15.     Respondents admit the allegations of Paragraph 15.

16.     Paragraph 16 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

17.     Paragraph 17 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

18.     Paragraph 18 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

19.     Paragraph 19 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

20.     Paragraph 20 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

21.     Paragraph 21 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

22.     Paragraph 22 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

23.     Paragraph 23 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

24.     Paragraph 24 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

25.     Paragraph 25 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

26.     Paragraph 26 consists of legal conclusions, assertions, and arguments to which no

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

1  answer is required. To the extent said paragraph contains allegations to which a response is

2  required, Respondents deny those allegations.

3    27.    Paragraph 27 consists of legal conclusions, assertions, and arguments to which no

4  answer is required. To the extent said paragraph contains allegations to which a response is

5  required, Respondents deny those allegations.

6    28.    Paragraph 28 consists of legal conclusions, assertions, and arguments to which no

7  answer is required. To the extent said paragraph contains allegations to which a response is

8  required, Respondents deny those allegations.

9    29.    Answering Paragraph 29, Respondents admit that on November 18, 2024 the City

10  Council enacted the "City Policy for Small Cells in the Public Right-of-Way" by means of

11  Resolution No. 107 (2024) (the "Small Cell Policy"), which speaks for itself. The remainder of

12  Paragraph 29 consists of legal conclusions, assertions, and arguments to which no answer is

13  required. To the extent said paragraph contains allegations to which a response is required,

14  Respondents deny those allegations.

15    30.    Answering Paragraph 30, Respondents admit that on December 9, 2024, the City

16  Council enacted Ordinance No. 2024-12, which speaks for itself. The remainder of Paragraph 30

17  consists of legal conclusions, assertions, and arguments to which no answer is required. To the

18  extent said paragraph contains allegations to which a response is required, Respondents deny those

19  allegations.

20    31.    Answering Paragraph 31, Respondents admit Congress enacted the

21  Telecommunications Act of 1996, which speaks for itself. The remaining allegations consist of

22  legal conclusions, assertions, and arguments to which no answer is required. To the extent said

23  paragraph contains allegations to which a response is required, Respondents deny those

24  allegations.

25    32.    Answering Paragraph 32, the Telecommunications Act of 1996 speaks for itself. No

26  answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions,

27  and arguments to which no answer is required. To the extent said paragraph contains allegations to

28  which a response is required, Respondents deny those allegations.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

33.    Answering Paragraph 33, the decision in *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 303 (2015), speaks for itself. No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

34.    Answering Paragraph 34, the decision in *MetroPCS, Inc. v. City and Cty. of San Francisco*, 259 F. Supp. 2d 1004 (N.D. Cal. 2003), speaks for itself. No answer is necessary to the allegations of this paragraph. Paragraph 34 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

35.    Paragraph 35 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

36.    Answering Paragraph 36, the Small Cell Order speaks for itself. No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

37.    Paragraph 37 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

38.    Answering Paragraph 38, the decision in *In RE California Payphone Ass'n*, Opinion and Order, 12 FCC Rcd. 14191 (July 17, 1997), speaks for itself. No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

39.    Paragraph 39 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

40.    Answering Paragraph 40, the decision in *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024), speaks for itself. No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

41.    Paragraph 41 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

42.    Answering Paragraph 42, the statute cited in this paragraph speaks for itself. No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

43.    Answering Paragraph 43, the statute cited in the paragraph speaks for itself. No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

44.    Answering Paragraph 44, the statute cited in this paragraph speaks for itself.  No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

45.    Answering Paragraph 45, the decision in *In RE MCP No. 185*, 124 F.4th 993 (6th Cir. 2025), speaks for itself.  No answer is necessary to the allegations of this paragraph. It consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

46.    Paragraph 46 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

47.    Paragraph 47 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

48.    Paragraph 48 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

49.    Paragraph 49 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

50.    Paragraph 50 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

51.    Respondents admit Paragraph 51.

52.    Respondents admit the Petitioner's home is located at 134 Warren Road, within a R1A-One Family Dwelling "A" zoning district. Respondents lack information or belief sufficient to answer the remaining allegations in Paragraph 52, and, on that basis, deny each and every remaining allegation thereof.

53.    Respondents admit Paragraph 53.

54.    Respondents admit Paragraph 54.

55.    Answering Paragraph 55, Respondents admit that Respondent Sustainability & Infrastructure Commission of the City of San Mateo ("Commission") had agendized its consideration of the Small Cell Policy prior to Crown submitting the application referenced in Paragraph 53 of the Petition ("Application"). Respondents lack information or belief sufficient to answer the allegations in the remainder of Paragraph 55, and, on that basis, deny each and every allegation thereof.

56.    Respondents lack information or belief sufficient to answer the allegations in Paragraph 56, and, on that basis, deny each and every allegation thereof.

57.    Respondents lack information or belief sufficient to answer the allegations in

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

Paragraph 57, and, on that basis, deny each and every allegation thereof.

58.      Answering Paragraph 58, Respondents admit.

59.      Respondents lack information or belief sufficient to answer the allegations in Paragraph 59, and, on that basis, deny each and every allegation thereof.

60.      Respondents admit Paragraph 60.

61.      Respondents admit Paragraph 61.

62.      Respondents admit Paragraph 62.

63.      Respondents admit that the nearest Crown approved wireless permits in the City are for poles on 195 Warren Rd, approved November 3, 2023, and 70 Clark Dr., approved December 4, 2023, which are still not yet constructed.

64.      Respondents lack information or belief sufficient to answer the allegations in Paragraph 64, and, on that basis, deny each and every allegation thereof.

65.      Respondent admits that the sites located at 195 Warren Rd. and 70 Clark Dr. are over 500 feet away.

66.      Respondents admit Paragraph 66.

67.      Respondents deny generally and specifically each and every allegation in Paragraph 67.

68.      Respondents deny generally and specifically each and every allegation in Paragraph 68.

69.      Respondents lack information or belief sufficient to answer the allegations in Paragraph 69, and, on that basis, deny each and every allegation thereof.

70.      Respondents lack information or belief sufficient to answer the allegations in Paragraph 70, and, on that basis, deny each and every allegation thereof.

71.      Respondents lack information or belief sufficient to answer the allegations in Paragraph 71, and, on that basis, deny each and every allegation thereof.

72.      Respondents admit the allegations of Paragraph 72

73.      Respondents admit the allegations of Paragraph 73.

74.      Respondents admit the allegations of Paragraph 74.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

75.     Respondents admit the allegations of Paragraph 75.

76.     Respondents lack information or belief sufficient to answer the allegations in Paragraph 76 and, on that basis, deny each and every allegation thereof.

77.     Respondents lack information or belief sufficient to answer the allegations in Paragraph 77, and, on that basis, deny each and every allegation thereof.

78.     Respondents lack information or belief sufficient to answer the allegations in Paragraph 78, and, on that basis, deny each and every allegation thereof.

79.     Paragraph 79 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

80.     Paragraph 80 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

81.     Respondents admit Paragraph 81.

82.     Respondents lack information or belief sufficient to answer the allegations in Paragraph 82, and, on that basis, deny each and every allegation thereof.

83.     Respondents deny Paragraph 83.

84.     Respondents lack information or belief sufficient to answer the allegations in Paragraph 84, and, on that basis, deny each and every allegation thereof.

85.     Paragraph 85 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

86.     Paragraph 86 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

87.     Respondents lack information or belief sufficient to answer the allegations in Paragraph 87, and, on that basis, deny each and every allegation thereof.

88.     Paragraph 88 consists of legal conclusions, assertions, and arguments to which no

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

10

*Case No. 3:25-cv-04890-JD*

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

1  answer is required. To the extent said paragraph contains allegations to which a response is

2  required, Respondents deny those allegations.

3      89.    Paragraph 89 consists of legal conclusions, assertions, and arguments to which no

4  answer is required. To the extent said paragraph contains allegations to which a response is

5  required, Respondents deny those allegations.

6      90.    Respondents admit Paragraph 90.

7      91.    Paragraph 91 consists of legal conclusions, assertions, and arguments to which no

8  answer is required. To the extent said paragraph contains allegations to which a response is

9  required, Respondents lack information or belief sufficient to answer the allegations in Paragraph

10  91, and, on that basis, deny each and every allegation thereof.

11      92.    Respondents admit Paragraph 92.

12      93.    Respondents admit Paragraph 93.

13      94.    Paragraph 94 consists of legal conclusions, assertions, and arguments to which no

14  answer is required. To the extent said paragraph contains allegations to which a response is

15  required, Respondents deny those allegations.

16      95.    Answering Paragraph 95, Respondents admit that on February 10, 2025 Petitioner's

17  counsel submitted a letter to the Commission detailing what Petitioner's counsel believed to be

18  deficiencies in the Application and explaining why Petitioner's counsel believed the Application

19  did not demonstrate that the services to be provided constituted "personal wireless services" or

20  that denial would result in an effective prohibition under either the Ninth Circuit "significant gap"

21  test or FCC's "material inhibition" test. The remainder of Paragraph 95 consists of legal

22  conclusions, assertions, and arguments to which no answer is required. To the extent said

23  paragraph contains allegations to which a response is required, Respondents deny those

24  allegations.

25      96.    Answering Paragraph 96, Respondents admit that the letter referenced in Paragraph

26  95 of the Complaint included a copy of the FCC Mobile Broadband Map for 124 Warren Road.

27  Respondents lack information or belief sufficient to answer the allegations in the remainder of

28  Paragraph 96, and, on that basis, deny each and every allegation thereof.

1    97.    Answering Paragraph 97, Respondents admit that on February 12, 2025, prior to

2  the hearing, Petitioner's counsel submitted what purported to be the results of an FCC mobile

3  broadband speed test for Verizon service adjacent to 124 Warren that showing 32 megabits per

4  second ("mbps") download and 10 mbps upload outdoors and 24.2 mbps download and 12.3 mbps

5  upload in-vehicle. Respondents lack information or belief sufficient to answer the allegations in

6  the remainder of Paragraph 97, and, on that basis, deny each and every allegation thereof.

7    98.    Respondents admit Paragraph 98.

8    99.    Respondents admit Paragraph 99.

9    100.    Paragraph 100 consists of legal conclusions, assertions, and arguments to which no

10  answer is required. To the extent said paragraph contains allegations to which a response is

11  required, Respondents lack information or belief sufficient to answer those allegations and, on that

12  basis, deny each and every allegation thereof.

13    101.    Respondents admit Paragraph 101.

14    102.    Respondents admit Paragraph 102.

15    103.    Respondents admit Paragraph 103.

16    104.    Respondents admit Paragraph 104.

17    105.    Respondents admit Paragraph 105.

18    106.    Respondents admit Paragraph 106.

19    107.    Respondents admit Paragraph 107.

20    108.    Paragraph 108 consists of legal conclusions, assertions, and arguments to which no

21  answer is required. To the extent said paragraph contains allegations to which a response is

22  required, Respondents deny those allegations.

23    109.    Paragraph 109 consists of legal conclusions, assertions, and arguments to which no

24  answer is required. To the extent said paragraph contains allegations to which a response is

25  required, Respondents deny those allegations.

26    110.    Paragraph 110 consists of legal conclusions, assertions, and arguments to which no

27  answer is required. To the extent said paragraph contains allegations to which a response is

28  required, Respondents deny those allegations.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

1    111.    Paragraph 111 consists of legal conclusions, assertions, and arguments to which no

2    answer is required. To the extent said paragraph contains allegations to which a response is

3    required, Respondents deny those allegations.

4    112.    Paragraph 112 consists of legal conclusions, assertions, and arguments to which no

5    answer is required. To the extent said paragraph contains allegations to which a response is

6    required, Respondents deny those allegations.

7    113.    Paragraph 113 consists of legal conclusions, assertions, and arguments to which no

8    answer is required. To the extent said paragraph contains allegations to which a response is

9    required, Respondents deny those allegations.

10    114.    Paragraph 114 consists of legal conclusions, assertions, and arguments to which no

11    answer is required. To the extent said paragraph contains allegations to which a response is

12    required, Respondents deny those allegations.

13    115.    Paragraph 115 consists of legal conclusions, assertions, and arguments to which no

14    answer is required. To the extent said paragraph contains allegations to which a response is

15    required, Respondents deny those allegations.

16    116.    Paragraph 116 consists of legal conclusions, assertions, and arguments to which no

17    answer is required. To the extent said paragraph contains allegations to which a response is

18    required, Respondents deny those allegations.

19    117.    Respondents admit Paragraph 117.

20    118.    In response to Paragraph 118, Respondents admit that the February 18th Hearing

21    Letter contained the quoted statement in Paragraph 118 of the Petition.

22    119.    In response to Paragraph 119, Respondents admit that the February 18th Hearing

23    Letter contained the quoted statement in Paragraph 119 of the Petition.

24    120.    Paragraph 120 consists of legal conclusions, assertions, and arguments to which no

25    answer is required. To the extent said paragraph contains allegations to which a response is

26    required, Respondents deny those allegations.

27    121.    Paragraph 121 consists of legal conclusions, assertions, and arguments to which no

28    answer is required. To the extent said paragraph contains allegations to which a response is

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

13    *Case No. 3:25-cv-04890-JD*
ANSWER TO PETITION

required, Respondents deny those allegations.

122.    In response to Paragraph 122, Respondents admit that Crown submitted to the City a letter dated February 18. 2025, captioned "Deemed Approved Status for Crown Castle Applications for New Small Wireless Facilities Permit Numbers: WC-2024-000246; WC-2024-000247; WC-2024-000248; WC-2023-000200; WC-2024-000242", which alleged that applications for five facilities other than the Application were deemed approved pursuant to California Government Code § 65964.1.

123.    Respondents admit Paragraph 123.

124.    Paragraph 124 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

125.    No response is required to Paragraph 125 as it merely incorporates prior allegations. To the extent a response is required, Paragraph 125 is denied.

126.    Paragraph 126 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

127.    Paragraph 127 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

128.    Paragraph 128 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

129.    Paragraph 129 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

130.    Paragraph 130 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

131.    Paragraph 131 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

132.    Paragraph 132 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

133.    Paragraph 133 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

134.    Paragraph 134 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

135.    Paragraph 135 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

136.    Paragraph 136 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

137.    Paragraph 137 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

138.    Paragraph 138 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

139.    Paragraph 139 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

140.    Paragraph 140 consists of legal conclusions, assertions, and arguments to which no

1    answer is required. To the extent said paragraph contains allegations to which a response is

2    required, Respondents deny those allegations.

3        141.    Paragraph 141 consists of legal conclusions, assertions, and arguments to which no

4    answer is required. To the extent said paragraph contains allegations to which a response is

5    required, Respondents deny those allegations.

6        142.    In response to Paragraph 142, Respondents admit that Crown asserts in its February

7    18th Hearing Letter that: "its 'Application was deemed-approved by operation of law'".

8        143.    Paragraph 143 consists of legal conclusions, assertions, and arguments to which no

9    answer is required. To the extent said paragraph contains factual allegations to which a response is

10   required, Respondents lack knowledge and/or information sufficient to form a belief about

11   whether such allegations are true and, on that basis, deny such allegations.

12       144.    Paragraph 144 consists of legal conclusions, assertions, and arguments to which no

13   answer is required. To the extent said paragraph contains allegations to which a response is

14   required, Respondents deny those allegations.

15       145.    Respondents lack information or belief sufficient to answer the allegations in

16   Paragraph 145, and, on that basis, deny each and every allegation thereof.

17       146.    Paragraph 146 consists of legal conclusions, assertions, and arguments to which no

18   answer is required. To the extent said paragraph contains allegations to which a response is

19   required, Respondents deny those allegations.

20       147.    Paragraph 147 consists of legal conclusions, assertions, and arguments to which no

21   answer is required. To the extent said paragraph contains allegations to which a response is

22   required, Respondents deny those allegations.

23       148.    Paragraph 148 consists of legal conclusions, assertions, and arguments to which no

24   answer is required. To the extent said paragraph contains allegations to which a response is

25   required, Respondents deny those allegations.

26       149.    Paragraph 149 consists of legal conclusions, assertions, and arguments to which no

27   answer is required. To the extent said paragraph contains allegations to which a response is

28   required, Respondents deny those allegations.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

150.    Respondents deny Paragraph 150.

151.    No response is required to Paragraph 151 as it merely incorporates prior allegations. To the extent a response is required, Paragraph 151 is denied.

152.    Paragraph 152 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

153.    Paragraph 153 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

154.    Paragraph 154 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

155.    Respondents deny Paragraph 155.

156.    Paragraph 156 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

157.    Paragraph 157 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

158.    Paragraph 158 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

159.    Respondents deny Paragraph 159.

160.    Paragraph 160 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

161.    No response is required to Paragraph 161 as it merely incorporates prior allegations. To the extent a response is required, Paragraph 161 is denied.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

*Case No. 3:25-cv-04890-JD*
ANSWER TO PETITION

403780.4

162.    Paragraph 162 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

163.    Paragraph 163 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

164.    Respondents lack information or belief sufficient to answer the allegations in Paragraph 164, and, on that basis, deny each and every allegation thereof.

165.    Paragraph 165 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

166.    Respondents lack information or belief sufficient to answer the allegations in Paragraph 166, and, on that basis, deny each and every allegation thereof.

167.    Respondents lack information or belief sufficient to answer the allegations in Paragraph 167, and, on that basis, deny each and every allegation thereof.

168.    Paragraph 168 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

169.    Paragraph 169 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

170.    Paragraph 170 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

171.    Paragraph 171 consists of legal conclusions, assertions, and arguments to which no answer is required. To the extent said paragraph contains allegations to which a response is required, Respondents deny those allegations.

172.    Respondents deny Paragraph 172.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

1    173.    Respondents deny Paragraph 173.

2    174.    No response is required to Paragraph 174 as it merely incorporates prior

3    allegations. To the extent a response is required, Paragraph 174 is denied.

4    175.    In response to Paragraph 175, Respondents admit that Crown asserts in its February

5    18th Hearing Letter that it has a permit "approved by operation of law". To the extent Paragraph

6    175 makes further factual allegations, they are denied.

7    176.    Paragraph 176 consists of legal conclusions, assertions, and arguments to which no

8    answer is required. To the extent said paragraph contains factual allegations to which a response is

9    required, Respondents deny such allegations.

10    177.    Paragraph 177 consists of legal conclusions, assertions, and arguments to which no

11    answer is required. To the extent said paragraph contains factual allegations to which a response is

12    required, Respondents lack knowledge and/or information sufficient to form a belief about

13    whether such allegations are true and, on that basis, deny such allegations.

14    178.    Respondents deny Paragraph 178.

15    179.    Respondents lack information or belief sufficient to answer the allegations in

16    Paragraph 179, and, on that basis, deny each and every allegation thereof.

17    180.    Paragraph 180 consists of legal conclusions, assertions, and arguments to which no

18    answer is required. To the extent said paragraph contains factual allegations to which a response is

19    required, Respondents lack knowledge and/or information sufficient to form a belief about

20    whether such allegations are true and, on that basis, deny such allegations.

## **AFFIRMATIVE DEFENSES**

22    Respondents plead the following separate defenses.  Respondents reserve the right to assert

23    additional affirmative defenses that discovery indicates are proper.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Acts in Accordance with Law and Substantial Evidence)**

26    1.    As a separate and first affirmative defense to the Petition and each purported cause

27    of action contained therein, Respondent (i) proceeded in the manner required by law; (ii) did not

28    act arbitrarily, capriciously, or wholly without evidentiary support; (iii) did not abuse its

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

1  discretion; and (iv) made all required findings, which supported the Respondents' actions and

2  were themselves supported by substantial evidence.

3  **SECOND AFFIRMATIVE DEFENSE**

4  **(Adequate Remedy at Law)**

5       2.      As a separate and second affirmative defense to the Petition and each purported

6  cause of action contained therein, Respondents allege that Petitioner has a plain, speedy, and

7  adequate remedy at law.

8  **THIRD AFFIRMATIVE DEFENSE**

9  **(Attorneys' Fees Barred)**

10       3.      As a separate and third affirmative defense to the Petition and each purported cause

11  of action contained therein, Respondent alleges that Petitioner's claim for attorneys' fees is not

12  recoverable under California Code of Civil Procedure § 1021.5. To the extent that Petitioner's

13  claim for attorneys' fees arises under the federal Telecommunications Act, Respondent further

14  alleges that Petitioner's claim for attorneys' fees is not recoverable. *See City of Rancho Palos*

15  *Verdes v. Abrams*, 544 U.S. 113, 121 (2005).

16  **FOURTH AFFIRMATIVE DEFENSE**

17  **(Estoppel)**

18       4.      As a separate and fourth affirmative defense to the Petition and each purported

19  cause of action contained therein, Respondent alleges that Petitioner is barred in whole or in part

20  from prosecuting the purported causes of action set forth in the Petition by the doctrine of estoppel

21  due to its knowledge, statements, conduct, approval, authorization and/or ratification..

22  **FIFTH AFFIRMATIVE DEFENSE**

23  **(Failure to Exhaust Administrative Remedies)**

24       5.      As a separate and fifth affirmative defense to the Petition and each purported cause

25  of action contained therein, Respondent alleges that Petitioner's claims are barred because

26  Petitioner failed to exhaust her administrative remedies.

27

28

**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

6.      As a separate and sixth affirmative defense to the Petition, and to the purported causes of action set forth therein, the Petition fails to state facts sufficient to constitute any cause of action against Respondents.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.      As a separate and seventh affirmative defense to the Petition and each purported cause of action contained therein, Respondent alleges that Petitioner is barred in whole or in part from prosecuting the purported causes of action set forth in the Petition by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Retroactivity; Preemption)

8.      As a separate and eighth affirmative defense to the Petition and each purported cause of action contained therein, the 2024 Ordinance did not retroactively apply to the Application, and federal regulations preempt such retroactive applications of standards not published at the time the Application was submitted.

## NINTH AFFIRMATIVE DEFENSE

### (No Abuse of Discretion)

9.      As a separate and ninth affirmative defense to the Petition and each purported cause of action contained therein, the Director did not abuse his discretion in approving the Permit nor did the Commission abuse its discretion in denying Petitioner's appeal.

## TENTH AFFIRMATIVE DEFENSE

### (Independent Local Law)

10.      As a separate and tenth affirmative defense to the Petition and each purported cause of action contained therein, the standard for "effective prohibition" as used in San Mateo Municipal Code Chapter 17.10 is determined under the San Mateo Municipal Code and not federal law except to the extent of federal preemption. Federal law does not prohibit the City from applying a broader standard for "effective prohibition."

1

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

## ELEVENTH AFFIRMATIVE DEFENSE

### (Costs of Suit Not Recoverable)

11.     As a separate and eleventh affirmative defense to the Petition and each purported cause of action contained therein, the Petition fails to set forth facts that would constitute a basis for an award of costs of suit against the City. To the extent that Petitioner's claim for costs of suit arises under the federal Telecommunications Act, Respondents further allege that Petitioner's claim for costs of suit is not recoverable. *See City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 121 (2005).

## TWELFTH AFFIRMATIVE DEFENSE

### (Good-Faith Acts and Reasonable Conduct)

12.     As a twelfth and separate affirmative defense to the Petition and each and each purported cause of action contained therein, Respondents assert that the Petition fails to state any claim for relief because Respondents acted in good faith at all material times based on all the relevant facts and circumstances. Also, Respondents acted in an objectively reasonable manner under all the relevant facts and circumstances.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Latches)

13.     As a thirteenth and separate affirmative defense to the Petition, and each and every count in the Petition, Respondents assert that Petitioner's counts are barred under the doctrine of latches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Declaratory Relief Improper)

14.     As a fourteenth and separate affirmative defense to the Petition, and each and each purported cause of action contained therein, Respondents assert that the declaratory relief sought by Petitioner is improper because it will not settle Petitioner's dispute and asks a federal district court to interpret a local ordinance adopted pursuant to powers conferred on the City by the San Mateo City Charter.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Immunity from State Tort Claims)

15.     As a fifteenth and separate affirmative defense to the Petition, and each and each purported cause of action contained therein, Respondents assert that to the extent that Petitioner attempts to assert any tort claims for damages under California state law, Respondents are immune.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

16.     Respondents have insufficient knowledge at present on which to form a belief as to whether they may have additional, as yet unstated defenses available to it. Respondents reserve the right to assert additional defenses if further investigation indicates that such affirmative defenses would be appropriate.

WHEREFORE, Respondent prays for relief as follows:

1.     That the Petition be dismissed, with prejudice and in its entirety;

2.     That Petitioner take nothing by reason of this Petition and that judgment be entered against Petitioner and in favor of Respondent;

3.     That Respondent be awarded its costs incurred in defending this action;

4.     That Respondent be granted such other and further relief as the Court may deem just and proper.

DATED:  July 1, 2025

**COLANTUONO, HIGHSMITH & WHATLEY, PC**


*/s/Robert C. May III*

ROBERT C. MAY III
JOHN A. ABACI
ADAM N. MENTZER
Attorneys for CITY OF SAN MATEO, MATT FABRY, and the SUSTAINABILITY & INFRASTRUCTURE COMMISSION OF THE CITY OF SAN MATEO

403780.4

1

## CERTIFICATE OF SERVICE

2

**Alicia Woodfall-Jones vs. City of San Mateo et al.**
**USDC Northern District of California Case No. 3:25-CV-04890-JD**

3

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5       At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of .  My business address is 790 E. Colorado Boulevard, Suite 850, Pasadena, CA 91101-2109.

6

7       On July 1, 2025, I served true copies of the following document(s) described as **RESPONDENTS' CITY OF SAN MATEO'S ANSWER TO PETITION AND COMPLAINT** on the interested parties in this action as follows:

8

9       ## SEE ATTACHED SERVICE LIST

10      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

11

12      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14      Executed on July 1, 2025, at Pasadena, California.

15

16                                                      */s/McCall Williams*

17                                                      McCall L. Williams

18

19

20

21

22

23

24

25

26

27

28

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

1

**SERVICE LIST**
**Alicia Woodfall-Jones vs. City of San Mateo et al.**
**USDC Northern District of California Case No. 3:25-CV-04890-JD**

2

3      Ariel Strauss                                *Attorney for Petitioner ALICIA WOODFALL-*
       Law Offices of Ariel Strauss                *JONES*
4      92 Pine Hill Dr.
       El Sobrante, CA 94803                        *Via CM/ECF*
5      310-709-1213
       Email: ariel@alegal.info

6

7      Thomas Scott Thompson                        *Attorneys for Real Parties in*
       Ryan T. Dougherty                            *Interest/Defendants*
       SThompson@mintz.com                          *CROWN CASTLE FIBER LLC and VERIZON*
8      RTDougherty@mintz.com                        *WIRELESS*
       MINTZ LEVIN COHN FERRIS GLOVSKY
9      AND POPEO, P.C.                              *Via CM/ECF*
       555 12th Street NW, Suite 1100
10     Washington, D.C. 20004
       Tel: 202-434-7300
11     Fax: 202-434-7400

12     Paige E. Adaskaveg                           *Attorneys for Real Parties in*
       peadaskaveg@mintz.com                        *Interest/Defendants*
13     MINTZ LEVIN COHN FERRIS GLOVSKY             *CROWN CASTLE FIBER LLC and VERIZON*
       AND POPEO, P.C.                              *WIRELESS*
14     44 Montgomery Street, 36th Floor
       San Francisco, CA 94104                      *Via CM/ECF*
15     Tel: 415-432-6000
       Fax: 415-432-6001

16

17     Shannon Champion                             *Attorneys for Real Parties in Interest*
       Verizon Wireless                             *VERIZON WIRELESS*
       15505 Sand Canyon Ave
18     M/S E-305                                    *Via CM/ECF*
       Irvine, CA 92618-3114
19     Telephone: (949) 286-7001
       Shannon.champion@verizonwireless.com

20

21     Prasanna Rasiah, City Attorney               *Courtesy Copy via Email*
       prasiah@cityofsanmateo.org
22     Linh Nguyen, Assistant City Attorney
       lnguyen@cityofsanmateo.org
23     Charlotte Pfeiffer, Executive Secretary
       cpfeiffer@cityofsanmateo.org
       CITY ATTORNEY'S OFFICE FOR THE
24     CITY OF SAN MATEO
       330 W. 20th Avenue
25     San Mateo, CA 94403
       Telephone: (650) 522-7020

26

27

28