Thomas Scott Thompson (*Pro Hac Vice forthcoming*)
Ryan T. Dougherty (*Pro Hac Vice forthcoming*)
SThompson@mintz.com
RTDougherty@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
555 12th Street NW, Suite 1100
Washington, D.C. 20004
Tel:  202-434-7300; Fax: 202-434-7400

Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel:  415-432-6000; Fax: 415-432-6001

Attorneys for Real Parties in Interest/Defendants
CROWN CASTLE FIBER LLC and VERIZON WIRELESS

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA WOODFALL-JONES, an individual,<br><br>Petitioner,<br><br>vs.<br><br>CITY OF SAN MATEO, by and through the CITY COUNCIL OF THE CITY OF SAN MATEO; MATT FABRY, an individual, in his capacity as the Director of the Public Works Department of the City of San Mateo; and the SUSTAINABILITY & INFRASTRUCTURE COMMISSION OF THE CITY OF SAN MATEO,<br><br>Respondents, | Case No. 3:25-cv-04890-JD<br><br>Assigned for All Purposes to<br>The Honorable James Donato, Courtroom 11<br><br>**DEFENDANTS CROWN CASTLE'S AND VERIZON WIRELESS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FED. R. CIV. P. 12(b)(6)]**<br><br>[Filed concurrently with Request for Judicial Notice and Declaration of Paige E. Adaskaveg; [Proposed] Order]<br><br>[*Removed from the Superior Court of the State of California, County of San Mateo (State Court Case No. 25-CIV-03590)*]<br><br>Date:  August 7, 2025<br>Time:  10:00 a.m.<br>Judge:  Hon. James Donato<br>Ctrm:  Courtroom 11, 19th Floor<br>450 Golden Gate Avenue,<br>San Francisco, CA 94102 |
| CROWN CASTLE FIBER LLC, a New York limited liability company; and VERIZON WIRELESS,<br><br>Real Parties in Interest. | Complaint Filed:  May 8, 2025<br>Trial:  TBD |

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO DISMISS ...................................................1

STATEMENT OF THE ISSUES TO BE DECIDED...................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................2

I.     PRELIMINARY STATEMENT .................................................2

II.    BACKGROUND ...................................................................4

    A.    Crown Castle's Application and Permit Approval .......................4

    B.    Petitioner's Administrative Appeal of the Director's Approval .................5

    C.    Crown Castle Provides the City Written Notice that the Permit is Deemed-Approved ...............................................5

    D.    The Commission's Written Statement of Decision and Petitioner's Lawsuit...............................................6

    E.    Applicable Federal and State Legal Authorities for Small Wireless Facilities...............................................6

        1.    Federal Authority: The Communications Act, Shot Clock Rules, and the Small Cell Order .....................................6

        2.    State Authority: Cal. Gov. Code Section 65964.1 .......................8

III.    LEGAL STANDARD.................................................9

IV.    ARGUMENT .................................................9

    A.    Crown Castle's Permit Application Was Deemed Granted by Operation of Law on February 18, 2025....................................10

        1.    The shot clock expired on January 17, 2025....................................10

        2.    Crown Castle complied with all federal, state, and local requirements to make the deemed grant effective. .......................12

        3.    The City did not seek judicial review of Crown Castle's deemed granted notice. .................................................13

    B.    The City Did Not Take Its Final Action Before February 18, 2025. .........13

        1.    Final Action Requires A Written Decision From the Commission. .................................................13

        2.    The City Had Not Taken Final Action Before February 18, 2025.................................................15

    C.    The Deemed Granted Permit Moots Petitioner's First Three Causes Of Action, Rendering Them Deficient As A Matter Of Law. ...................15

V.    CONCLUSION.................................................17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advertising Display Sys. 1, L.L.C. v. City & County of San Francisco*,
   No. C 06-1020 SBA, 2006 U.S. Dist. LEXIS 42055 (N.D. Cal. June 13, 2006) ......................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................................9

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ....................................................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................................9

*Chino MHC, LP v. City of Chino*,
   210 Cal. App. 4th 1049 (2012) ...............................................................................................16

*Ciani v. San Diego Trust & Sav. Bank*,
   233 Cal. App. 3d 1604 (1991) .................................................................................................16

*City of Portland v. U.S.*,
   969 F.3d 1020 (9th Cir. 2020) ..................................................................................................7

*Cummings v. City of Vernon*,
   214 Cal. App. 3d 919 (1989) ........................................................................................... *passim*

*El Dorado Palm Springs v. Rent Review Com*,
   230 Cal. App. 3d 335 (1991) ..................................................................................................14

*Escalante v. Civil Serv. Comm'n of L.A.*,
   2017 Cal. Super. LEXIS 18051 ..............................................................................................14

*In re Sturm*,
   11 Cal. 3d 258 (1974) .............................................................................................................15

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) .................................................................................................4, 5

*Mack v. South Bay Beer Distrib.*,
   798 F.2d 1279 (9th Cir. 1986) ...............................................................................................4, 5

*Orsi v. City Council*,
   219 Cal. App. 3d 1576 (1990) ...........................................................................................16, 17

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Cases (cont'd)**

*Swars v. Council of Vallejo,*
    33 Cal. 2d 867 (1949) ...............................................................................................15

*Topanga Ass'n for a Scenic Community v. County of Los Angeles,*
    11 Cal. 3d 506 (1974) ..............................................................................9, 11, 14, 15

**Statutes**

28 U.S.C. § 1331 ...........................................................................................................6

28 U.S.C. § 1367 ...........................................................................................................6

28 U.S.C. § 1441 ...........................................................................................................6

28 U.S.C. § 1446 ...........................................................................................................6

47 U.S.C. § 253 .............................................................................................................4

47 U.S.C. § 332 ...................................................................................................6, 7, 13

Cal. Code Civ. P. § 1094.5..........................................................................................14

Cal. Code Civ. P. § 1094.6.............................................................................11, 13, 14

Cal. Pub. Util. Code § 7901 ..........................................................................................4

Cal. Gov. Code § 65964.1 ...................................................................................*passim*

Cal. Gov. Code § 65920................................................................................................16

Fed. R. Evid. 201 ...........................................................................................................4

**Regulations**

47 C.F.R. § 1.6002.............................................................................................4, 10, 13

47 C.F.R. § 1.6003....................................................................................................*passim*

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Other Authorities**

*Acceleration of Broadband Deployment by Removing Barrier to Infrastructure Investment* (the "*Small Cell Order*"),
Declaratory Ruling and Third Report and Order, 33 FCC Rcd. 9088 (2018)
(Sept. 27, 2018) ......................................................................................... 6, 7, 10-12

San Mateo Cal., Mun. Code § 17.10 .............................................................5, 8, 15

Civil L.R. 7-4 .................................................................................................................1

Fed. R. Civ. P. 8 ............................................................................................................1

Fed. R. Civ. P. 12 ...............................................................................................1, 4, 8, 9

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on August 7, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 11, 19th Floor of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable James Donato, Defendants Crown Castle Fiber LLC ("Crown Castle") and GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless[1] ("Verizon") will and hereby do jointly move the Court for an order dismissing the Verified Petition for Writ of Mandate and Declaratory Relief with prejudice filed by Petitioner Alicia Woodfall-Jones ("Petitioner") pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

This Motion is made on the grounds that (1) Petitioner cannot state a claim under her Fourth Cause of Action because Crown Castle's Wireless Communications Facilities Permit (the "Permit") was deemed granted as a matter of law under California Government Code § 65964.1 and federal regulation 47 C.F.R. § 1.6003(c)(i) because the City of San Mateo (the "City" or "San Mateo") did not take final action on the Permit within the applicable Federal Communications Commission ("FCC") rules, 47 C.F.R. § 1.6003(c)(i) (the "Shot Clock Rules"); and (2) Petitioner cannot state a claim for writ of mandate and declaratory relief under her First, Second, and Third Causes of Action because Crown Castle's Permit application was deemed granted prior to the City's final administrative action which is the basis of Petitioner's causes of action.

The motion is supported by this Notice, the Memorandum of Points and Authorities, the concurrently filed request for judicial notice, all pleadings and documents on file in this case, and on such other written and oral argument as may be presented to the Court on this motion.

## STATEMENT OF THE ISSUES TO BE DECIDED

Pursuant to Civil L.R. 7-4, Defendants Crown Castle Fiber LLC ("Crown Castle") and Verizon Wireless ("Verizon") jointly by and through this motion respectfully requests decision on the following issues:

---

[1] Petitioner incorrectly named "Verizon Wireless." The proper party name is GTE Mobilnet of California Limited Partnership d/b/a Verizon Wireless.

1.      Whether Crown Castle's wireless permit application was deemed granted by operation of law on February 18, 2025 after the City failed to act on the application within 60 days as required under federal law because (a) City had not taken final action, through the issuance of a written decision, and (b) Crown Castle provided notice to the City that the time for the City to take its final action under federal law had run; and

2.      Whether Petitioner cannot state a claim for writ of mandate and declaratory relief because the City had no authority to decide Petitioner's appeal and issue a written statement of decision on March 18, 2025 after Crown Castle's application was deemed granted on February 18, 2025.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      PRELIMINARY STATEMENT

Petitioner's Verified Petition for Writ of Mandate and Declaratory Relief (the "Complaint") asks the Court to strip Crown Castle of a valid and legally operative wireless permit that Petitioner claims was issued by the City of San Mateo (the "City" or "San Mateo") through a faulty administrative process, lacking authority or evidence to support approval of Crown Castle's wireless permit application (the "Permit").  In the first three counts of her Complaint, Petitioner challenges a March 18, 2025 written decision of the City's Sustainability & Infrastructure Commission (the "Commission") denying Petitioner's administrative appeal of the Public Works Department Director's decision to conditionally approve Crown Castle's Permit.  Petitioner's claims include that the Commission lacked jurisdiction (Cause of Action I), that the decision was not supported by the evidence (Cause of Action II), and that the Commission erred in granting Crown Castle a limited exception (Cause of Action III).  In those counts, Petitioner requests that this Court make numerous declarations regarding the proper application of various state and federal laws concerning municipal wireless permitting decisions and reverse the FCC's established and long-standing guidance limiting local governments' discretion to deny wireless permit applications and the Ninth Circuit case law affirming that guidance.

The first three Causes of Action of Petitioner's Complaint must be dismissed, however, because Crown Castle's Permit was deemed granted by operation of law on February 18, 2025—a month earlier than the March 18 decision that Petitioner challenges in Causes of Action One through Three. That deemed grant renders Petitioners first three causes of action moot.

Petitioner's Fourth Cause of Action raises this very issue, seeking a declaratory judgment that Crown Castle's Permit was not deemed granted. That claim too must be dismissed as a matter of law. California Government Code § 65964.1 provides that if a city fails to take final action on an application for a personal wireless facility within the timelines established in FCC regulations, the applicant can deem the application granted as a matter of law. Cal. Gov. Code § 65964.1. Even accepting the facts as pleaded in the Complaint, Crown Castle's Permit was deemed granted by operation of law on February 18, 2025. Under well-established law, the City does not take its final action on Petitioner's administrative appeal of the Director's decision until the City issues a written decision. Although the Commission had an oral vote on February 12, 2025, by February 18, 2025, it had not issued a written decision and therefore had not taken its final action on the Permit within the time required under applicable FCC regulation. Crown Castle complied with the notice requirement in Cal. Gov. Code § 65964.1 and informed the City in writing that it was deeming the application granted and the City did not seek judicial review of Crown Castle's notice. Therefore, Crown Castle complied with all necessary requirements to receive a deemed granted permit on February 18, 2025. The Commission's subsequent action of issuing a written decision addressing Petitioner's administrative appeal of the Director's decision was untimely, *ultra vires*, and of no legal effect. Accordingly, Petitioner's Fourth Cause of Action fails to state a claim as a matter of law. Further, Petitioner's first three causes of action must be dismissed because the deemed grant of Crown Castle's Permit renders moot the March 18 decision that Petitioner challenges in those causes of action.

Defendants Crown Castle and Verizon therefore move this Court to dismiss the Complaint for failure to state a claim.

## II.    BACKGROUND

The allegations of the Complaint are accepted as true for the purposes of this memorandum, but Crown Castle and Verizon provide a brief summary of the factual background and applicable law to provide context for the following discussion.

### A.    Crown Castle's Application and Permit Approval

Crown Castle is a nationwide provider of telecommunications services to various customers, including wireless carriers, such as Verizon.  *See* Complaint ¶¶ 10-11.  Crown Castle's services include installation of telecommunications networks in public rights of way that integrate personal wireless services facilities, such as antennas and related equipment.  *See* id. at ¶ 10. Crown Castle is a telephone corporation holding a certificate of public convenience and necessity from the California Public Utilities Commission under California law and must be granted access to public rights of way on the same terms applicable to all other certified utilities.[2]  *See* 47 U.S.C. § 253; Cal. Pub. Util. Code § 7901.

On October 22, 2024, Crown Castle, submitted its Permit application, permit number WC-2024-000243, to the City of San Mateo's Public Works Department seeking to install a new wireless facility and associated equipment on an existing wood utility pole located in the public right of way at 124 Warren Road in San Mateo.  *See* Complaint ¶¶ 51, 53.  The specific equipment Crown Castle sought to install qualifies as a "Small Wireless Facility" under 47 C.F.R. § 1.6002(l) because, as Petitioner admits, it is an "approximately 3-foot-tall brown antenna canister at 18-foot elevation protruding 4 feet 9 inches from the center of the pole in airspace over the street."  *See id*. at ¶¶ 53-54.[3]

---

[2] Under Fed. R. Evid. 201, the Court may take judicial notice of matters of public record.  *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  This is a limited exception to the general rule that a court may not consider material beyond the pleadings in a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

[3] The Court may consider Crown Castle's Permit application because Petitioner references the Permit application in the Complaint, does not contest its authenticity, and relies on it.  *See Lee*, 250 F.3d, at 688 ("[A] court may consider material which is properly submitted as part of the complaint on a motion to dismiss." "If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily

4

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION
AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF – CASE NO. 3:25-CV-04890-JD

The Public Works Department Director conditionally approved Crown Castle's Permit on January 17, 2025 and posted a notice of the decision to the City website in accordance with Section 17.10.070 of the San Mateo Municipal Code ("SMMC").  *See id*. at ¶ 90.

**B.      Petitioner's Administrative Appeal of the Director's Approval**

On January 22, 2025, six individuals, including Petitioner, filed identical appeals with the Commission challenging Crown Castle's conditionally approved Permit.  *See id*. at ¶ 92.  The Commission held a public appeal hearing on February 12, 2025.  *Id*. at ¶ 102.

After considering the testimony presented at the public hearing, the Commission unanimously orally voted to deny the appeals.  *See id*. at ¶¶ 103, 117.  The Commission instructed the Director of the San Mateo Public Works Department, Matt Fabry, to draft a written Statement of Decision explaining the legal and factual basis for the Commission's decision and to return that written decision to the Commission for adoption by March 17, 2025.  *See id*. at ¶ 123.

**C.      Crown Castle Provides the City Written Notice that the Permit is Deemed-Approved**

On February 18, 2025, Crown Castle delivered to the City written notice pursuant to federal and state law that its Permit was deemed approved by operation of law.  *Id*. at ¶¶ 118-119.  The written notice, delivered in the form of a letter to Alex Kohijikian, the City Manager, noted that the appeal hearing before the Commission took place twenty-six days after the expiration of the 60-day time limit set by the FCC Shot Clock Rules.  *Id*.  Crown Castle stated that although it was under no obligation to do so, it had participated in the appeal hearing to respond to the appellants' invalid assertions, answer the Commission's questions, and otherwise demonstrate good faith in hearing out public concerns.  *See id*.; *see also Lee*, 250 F.3d, at 688; *Mack*, 798 F.2d at 1282.  However, Crown Castle wrote that the Permit was deemed approved by operation of law and notified the City that Crown Castle could proceed to deploy the communications infrastructure described in the Permit.

---

relies on them.") (internal citations and quotations omitted).  The Permit is also a matter of public record.  *See Mack*, 798 F.2d at 1282.

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – CASE NO. 3:25-CV-04890-JD

*See id.*  The City did not seek judicial review of Crown Castle's written notice within 30 days, as it could have under state law.  *See* Complaint ¶ 50; Cal. Gov. Code § 65964.1 (described below).

**D.    The Commission's Written Statement of Decision and Petitioner's Lawsuit**

Despite Crown Castle's February 18, 2025 deemed granted letter, following the Commission's vote to deny the appeals on February 12, 2025, Mr. Fabry and the Public Works Department prepared a draft Statement of Decision.  *See* Complaint ¶ 123.  On March 18, 2025, the Commission adopted the Written Statement of Decision.  *See id.*

Petitioner filed the instant lawsuit on May 8, 2025 in the Superior Court of California for the County of San Mateo.  ECF Dkt. #1, Ex. A. Crown Castle timely removed the lawsuit to this Court under 28 U.S.C. §§ 1331, 1367, 1441(c), and 1446 to ensure that this Court could address the substantial federal questions alleged in the Complaint under 47 U.S.C. § 332(c)(7)(B)(i)(II), 47 U.S.C. § 332(c)(7)(B)(ii), and the FCC Shot Clock Rules at 47 C.F.R. § 1.6003.  ECF Dkt. #1.

**E.    Applicable Federal and State Legal Authorities for Small Wireless Facilities**

1.    *Federal Authority: The Communications Act, Shot Clock Rules, and the Small Cell Order*

Section 332(c)(7)(B) of the federal Communications Act, 47 U.S.C. § 332(c)(7)(B), imposes specific substantive and procedural limits on the authority of local governments, such as the City, in their evaluation of applications to install personal wireless facilities, such as the Small Wireless Facility sought in Crown Castle's Permit application.  The Communications Act is not a complete preemption of local zoning authority, but it requires local governments to regulate the siting of wireless facilities within specific limitations outlined by Congress.

For example, under Section 332(c)(7)(B)(ii), local governments must act on such applications within a "reasonable period of time."  The FCC has adopted regulations defining reasonable times for local governments to act on wireless permit applications known as the Shot Clock Rules.  47 C.F.R. § 1.6003.  Since at least 2009, the FCC has set time limits for local authorities to act on applications to deploy wireless facilities.  In 2018, the FCC issued a Declaratory Ruling broadening the application of the Shot Clock Rules and shortening the time limits, specifying that state and local governments

now have 60 days to decide applications for installations on existing infrastructure. *Acceleration of Broadband Deployment by Removing Barrier to Infrastructure Investment,* Declaratory Ruling and Third Report and Order, 33 FCC Rcd. 9088, 2018 WL 4678555 (2018) (Sept. 27, 2018) (the "*FCC 2018 Order*" or what Plaintiff calls the "*Small Cell Order*"). The FCC explained that the shorter time periods were warranted because Section 332(c)(7)(B)(i)(II) was violated if the local government's denial "materially inhibited" the provision of personal wireless services, including when delays on an application decision were so serious they would "virtually bar providers from deploying wireless facilities." *Id.* at ¶ 126. The Ninth Circuit affirmed the FCC's new Shot Clock Rules on appeal. *See City of Portland v. U.S.*, 969 F.3d 1020, 1044 (9th Cir. 2020), *cert. denied*, 141 S.Ct. 2855 (2021). Therefore, under the existing Shot Clock Rules, there is a 60-day shot clock for wireless facilities permitting decisions under a certain size and installed on existing utility poles in the public right of way, such as Crown Castle's Permit at issue in this case.

The FCC has determined that the phrase "any request for authorization to place, construct, or modify personal wireless service facilities" under Section 332(c)(7)(B)(ii) includes all authorizations necessary for the deployment of personal wireless services infrastructure. *See Small Cell Order* at ¶ 132. The Shot Clock Rule encompasses all aspects of and steps in the siting process, including building permits, public notices and meetings, lease negotiations, electric permits, road closure permits, aesthetic approvals, and other authorizations needed for deployment. *See id.* at ¶¶ 132-133. Therefore, under the Shot Clock Rules, the entire approval process necessary for deployment must be completed and final action taken within a reasonable time period, as defined by the adopted shot clock periods. *See id.* at ¶ 135.

Under the FCC Rules, the shot clock start date begins on the day after the date when the application was submitted and includes any "pre-application period asserted by the siting authority." Crown Castle submitted its Permit application on October 22, 2024, and the 60-day shot clock began running the next day. 47 C.F.R. § 1.6003(e). The shot clock expired on January 17, 2025.[4] *Id.* A

---

[4] The 60th day fell on Sunday December 22, 2024, but on November 22, 2024, Crown Castle agreed to extend the shot clock to January 17, 2025.

1    challenge to a municipal permitting decision, or an appeal of the denial of that challenge, such as

2    administrative challenges and appeals filed by Petitioner in this case, does not toll or restart the shot

3    clock.  Once the application is submitted, the shot clock begins and may only restart under one

4    condition: if the municipality notifies the applicant within 10 days that the application is incomplete,

5    this tolls or restarts the shot clock.  47 C.F.R. § 1.6003(d)(1).

6              2.      *State Authority: Cal. Gov. Code Section 65964.1*

7              California Government Code Section 65964.1 incorporates the federal Shot Clock Rules by

8    reference and provides that if a local government fails to act within the applicable time period under

9    the Shot Clock Rules, the applicant can deem the application granted.  *See* Cal. Gov. Code § 65964.1.

10   Section 65964.1(a) states that a permit application is deemed approved when all of the following

11   occur:

12              (1)  The city or county fails to approve or disapprove the application within a reasonable period

13                    of time in accordance with the time periods and procedures established by applicable FCC

14                    rules;

15              (2)  The applicant has provided all public notices regarding the application that the applicant

16                    is required to provide under applicable laws consistent with the public notice requirements

17                    for the application; and

18              (3)  (A)  The applicant has provided notice to the city or county that the reasonable time period

19                    has lapsed and that the application is deemed approved pursuant to this section; and

20                    (B)  Within 30 days of the notice provided pursuant to subparagraph (A), the city or county

21                    may seek judicial review of the operation of this section on the application.

22              Crown Castle's Permit satisfied all of these conditions.  The City did not act on the Permit

23   application within the sixty days as extend by Crown Castle's agreement to by January 17, 2025;

24   Crown Castle provided all public notices regarding the application required by SMMC 17.10; Crown

25   Castle provided written notice to the City on February 18, 2025 the 60-day shot clock had expired

26   and that the Permit was deemed approved; and the City did not seek judicial review of Crown Castle's

27   written notice within 30 days.

28

1    **III.    LEGAL STANDARD**

2         Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a complaint for failure to

3    state a claim due either to "the lack of a cognizable legal theory or the absence of sufficient facts

4    alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

5    Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

6    accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

7    662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility

8    when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

9    the defendant is liable for the misconduct alleged." *Id.* Further, "courts are not bound to accept as

10   true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

11   555 (2007) (internal quotation marks and citations omitted). Under Federal Rule of Civil Procedure

12   12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can

13   prove no set of facts in support of his claim which would entitle him to relief." *Advertising Display*

14   *Sys. 1, L.L.C. v. City & County of San Francisco*, No. C 06-1020 SBA, 2006 U.S. Dist. LEXIS 42055,

15   at *8 (N.D. Cal. June 13, 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

16   **IV.    ARGUMENT**

17        Petitioner's Complaint must be dismissed because she cannot state a claim given the facts

18   alleged. As alleged, Crown Castle's application was filed on October 22, 2024. Complaint ¶ 53.

19   Pursuant to the Shot Clock Rules, 47 C.F.R. § 1.6003(c)(1)(i), Crown Castle's application proposes

20   a "small wireless facility" located on an "existing structure" (in this case an existing wooden utility

21   pole in the public right of way), and the City is required to take its final action on the application

22   within 60 days. *See* Complaint ¶¶ 47-48, 53-54. Under California law, a decision is the final

23   administrative action when the local agency issues a written decision providing notice that the time

24   within which judicial review must be sought has commenced. *See Cummings v. City of Vernon*, 214

25   Cal. App. 3d 919, 922 (1989); *Topanga Ass'n for a Scenic Community v. County of Los Angeles*, 11

26   Cal. 3d 506, 515 (1974). If a local government fails to take final action on an application for a wireless

27   facility within the timelines set forth in 47 C.F.R. § 1.6003, the applicant can notify the local

28

1  government that the application is deemed granted.  Cal. Gov. Code § 65964.1; *see* Complaint ¶¶ 49-
2  50.

3       In this case, on February 18, 2025, more than 60 days after the application was submitted, and
4  after the January 17, 2025 extension agreed to by Crown Castle, Crown Castle gave the City written
5  notice that the application was deemed granted as a matter of law.  On February 18, 2025, the City
6  had not yet taken final action on Crown Castle's Application because it had not yet issued final written
7  decision.  Any subsequent action by the City after that notice was superfluous and *ulta vires* and could
8  not change the deemed granted status of the Application.  Therefore, Petitioner cannot state a claim
9  for which this Court may afford relief because Crown Castle's Permit was deemed granted on
10  February 18, 2025.  Petitioner cannot state a claim for writ of mandate challenging the City's March
11  18, 2025 written decision when that decision had been rendered moot and without meaning by the
12  deemed grant.

13  **A.    Crown Castle's Permit Application Was Deemed Granted by Operation of Law
        on February 18, 2025.**

14
15          1.    *The shot clock expired on January 17, 2025.*

16       The Shot Clock Rules' 60-day time period for the City to act on Crown Castle' Permit
17  application, as extended by Crown Castle's agreement, expired on January 17, 2025.  Crown Castle
18  applied for the Permit on October 22, 2024 to install an approximately three-foot-tall antenna canister,
19  defined by 47 C.F.R § 1.6002(l) as a Small Wireless Facility, to bolster the network in San Mateo.
20  *See* Complaint ¶¶ 51, 53-54.  The application proposed siting the infrastructure on an existing
21  facility—a wood utility pole—in the public right of way.  *See id.* at ¶¶ 51-54.  Therefore, the
22  timeframe within which the City was required to take final action to complete the entire review
23  process for Crown Castle's Permit application was 60 days because Crown Castle was installing a
24  Small Wireless Facility using an existing structure.  47 C.F.R § 1.6003(c)(i); *Small Cell Order* ¶¶
25  132-135; *Complaint* ¶ 48.

26       Under Cal. Gov. Code § 65964.1, Crown Castle may deem its application granted if the City
27  does not take final action on the Permit before expiration of the applicable FCC shot clock.  Cal. Gov.

28

1    Code § 65964.1; Complaint ¶¶ 48-49.  Crown Castle must provide notice to the City that the 60-day

2    shot clock has lapsed and that its Permit application is deemed approved.  Cal. Gov. Code §

3    65964.1(a)(1)(A); Complaint ¶ 49.  The City has 30 days after receiving notice of the deemed granted

4    application to seek judicial review.  Cal. Gov. Code § 65964.1(a)(1)(B); Complaint ¶ 50.

5         Crown Castle sent this required notice in a letter to the City on February 18, 2025.  Complaint

6    ¶¶ 118-119.  Crown Castle's notice letter stated that the FCC shot clock date for its Permit application

7    had expired and that its Permit was deemed approved by operation of law.  *See id*.  Crown Castle

8    further stated that because the Permit had been deemed approved, Crown Castle could proceed to

9    "deploy this communications infrastructure," *i.e.*, install the Small Wireless Facility on the existing

10   utility pole.  *See id*.  The City did not seek judicial review of Crown Castle's deemed granted notice

11   letter.  Cal. Gov. Code § 65964.1(a)(1)(B); Complaint ¶ 50.

12        The City had not taken its final action prior to Crown Castle issuing its deemed granted notice

13   letter on February 18, 2025.  As explained more fully below in Section II, a final action under

14   California law is a written statement of decision informing the aggrieved party of its right to seek

15   judicial review pursuant to Cal. Code. Civ. P. § 1094.6.  *See Cummings*, 214 Cal. App. 3d at 922;

16   *Topanga*, 11 Cal. 3d at 515.  The City had not issued such a written decision before February 18,

17   2025.  *See* Complaint ¶ 123.

18        The fact that the City took administrative action on Crown Castle's Permit application in the

19   form of the Commission hearing and vote on January 17, 2025 is immaterial.  As the FCC has made

20   clear, the ***entire approval process*** necessary for deployment must be completed within the reasonable

21   time period, as defined by the Shot Clock Rules.  *Small Cell Order* at ¶¶ 132-135.  Moreover, the

22   Shot Clock Rules make clear that the only event that can toll or restart the 60-day time period is a

23   timely notice from the City that the Permit application is incomplete, or by written agreement to an

24   extension by the applicant.  *See* 47 C.F.R. § 1.6003(d)(1) & (e).  The Shot Clock Rules do not allow

25   the 60 days to be tolled or extended simply because a local government takes administrative action,

26   such as holding a hearing or even taking an oral vote.  Therefore, the City's administrative actions

27   after the shot clock expired but before Crown Castle issued the deemed granted letter, including the

28

Director's conditional approval and the Commission's initial vote at the February 12, 2025 hearing, do not satisfy the City's obligation to take its final action granting or denying the application within the applicable shot clock. Crown Castle's right to provide notice that the Permit was deemed granted fully vested on January 17, 2025. *See* Cal. Gov. Code § 65964.1; 47 C.F.R. § 1.6003(d)(1) & (e); *Small Cell Order* at ¶¶ 132-135.

Crown Castle's participation in the appeal hearing after the shot clock ran but prior to issuing the deemed grant letter is also irrelevant. Crown Castle made clear to the City that it participated in the public appeal hearing solely as a show of good faith and transparency to the public. *See* Complaint ¶¶ 118-119. This participation is not a waiver of any of Crown Castle's rights under the Shot Clock Rules. The Shot Clock Rules and California law also do not impose any obligation on the permit applicant to notify the local government of the deemed grant within a particular time period. *See* 47 C.F.R. § 1.6003(c)(i); Cal. Gov. Code § 65964.1. None of the City's administrative actions prior to Crown Castle's written notice constituted final action on the application, restarted the 60-day shot clock, or stripped Crown Castle of its right to the deemed granted Permit.

2.      *Crown Castle complied with all federal, state, and local requirements to make the deemed grant effective.*

Crown Castle properly notified the City that its Permit application was deemed granted by operation of law on February 18, 2025. Crown Castle waited for the expiration of the applicable 60-day shot clock, as extended by agreement to January 17, 2025, and sent a notice letter to the City on February 18, 2025 informing it that the 60 days had lapsed and the application was deemed approved pursuant to Cal. Gov. Code § 65964.1.

Cal. Gov. Code § 65964.1(a)(3)(A) does not require the applicant to use specific language when notifying the local government that the permit is deemed granted, nor does it require that the notice take a particular form. There are no "magic words" the applicant must use, and the statute does not specify that the notice should be directed at a particular person or agency within the local government. The statute simply states that the applicant provide "notice to the city or county that the

reasonable time period has lapsed and the application is deemed approved" by operation of law. Cal. Gov. Code § 65964.1(a)(3)(A).

Crown Castle's notice letter to the City complied with Cal. Gov. Code § 65964.1(a)(3)(A). Crown Castle sent the notice letter to the City Manager, identified the Permit by its application number, and notified the City the shot clock date had passed. *See* Complaint ¶¶ 118-119. Crown Castle adequately notified the City that the Permit was deemed approved by operation of law and that Crown Castle was able to proceed to deploy the subject communications infrastructure. *Id*. at ¶¶ 49-50, 118-119.

> 3.      *The City did not seek judicial review of Crown Castle's deemed granted notice.*

The City did not seek judicial review of Crown Castle's deemed granted notice, indicating it did not contest that the Permit was deemed approved by operation of law on February 18, 2025. Within 30 days under Cal. Gov. Code § 65964.1(a)(3)(B), or by March 20, 2025, the City was required to seek judicial review of Crown Castle's deemed granted notice. The City did not seek judicial review by this date. The City has not contested the completeness of Crown Castle's Permit application, and the appeal hearing before the Commission is not a substitute for judicial review. Regardless, the City did not contest any aspect of Crown Castle's Permit application during the hearing and did not address the deemed granted notice in the written Statement of Decision.

**B.      The City Did Not Take Its Final Action Before February 18, 2025.**

> 1.      *Final Action Requires A Written Decision From the Commission.*

Under the FCC's Shot Clock Rules, "action" means "a siting authority's grant of a siting application or issuance of a written decision denying a siting application." 47 C.F.R. § 1.6002(a). Consistent with 47 U.S.C. § 332(c)(7)(B)(iii), this rule recognizes that if the City wanted to deny Crown Castle's Permit, it must issue a written decision. In this case, whether the City had granted the permit is a question of whether the City had finally resolved the administrative appeal by Petitioner and the other citizens who appealed the Director's conditional approval.

Petitioner could seek a writ of mandate for judicial review of the Commission's denial of her appeal until the City took its final action. Under California law, a party must exhaust the

13

1    administrative process through the local agency's final action before judicial review is available under

2    CCP § 1094.6. *Cummings*, 214 Cal. App. 3d at 922. Subdivision (b) of CCP § 1094.6 states that a

3    party may seek judicial review "not later than the 90th day following the date on which the decision

4    becomes final" and subdivision (f) states that "[i]n making a final decision . . . the local agency shall

5    provide notice to the party that the time within which judicial review must be sought is governed by

6    this section." Courts have held that these two subsections, read in conjunction, mean that an agency

7    decision is "final" on the date when the agency provides notice to the aggrieved party of its right to

8    seek judicial review pursuant to CCP § 1094.6. *See Cummings*, 214 Cal. App. 3d at 922 ("[W]e

9    conclude the Legislature intended the period to run from the date of giving notice."); *see also El

10   Dorado Palm Springs v. Rent Review Com*, 230 Cal. App. 3d 335, 346 (1991) (a decision is final

11   when issued in "final form" by the agency and an aggrieved party may seek judicial review of the

12   decision at that time). Therefore, the 90-day statute of limitations to seek judicial review under CCP

13   § 1094.6 is tolled until the notice required by subsection (f) is given. *Escalante v. Civil Serv. Comm'n

14   of L.A.*, 2017 Cal. Super. LEXIS 18051.

15          Although a written statement of decision is not explicit in the statute, the courts have held that

16   the local agency is required to set forth its findings in writing to constitute a final action that then

17   allows for judicial review via a writ of mandate. *See* CCP § 1094.5; *Topanga*, 11 Cal. 3d at 515

18   ("[I]mplicit in section 1094.5 is a requirement that the agency which renders the challenged decision

19   must set forth findings to bridge the analytic gap between the raw evidence and ultimate decision or

20   order."). Section 1094.5 requires the reviewing court to compare the evidence and ultimate decision

21   of the agency to "the findings" the agency made to reach this decision, thereby ensuring the reviewing

22   court does not have to guess at the agency's analysis. *Topanga*, 11 Cal. 3d at 517 (without the

23   agency's findings, "a reviewing court would be forced into unguided and resource-consuming

24   explorations; it would have to grope through the record to determine whether some combination of

25   credible evidentiary items which supported some line of factual and legal conclusions supported the

26   ultimate order or decision of the agency."). The findings are, therefore, customarily in written form

27   for purposes of judicial review in a writ of mandate. An additional benefit of written findings is that

28

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION
AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF – CASE NO. 3:25-CV-04890-JD

thorough and comprehensive findings in a final decision "enable the parties to the agency proceeding to determine whether and on what basis they should seek review." *See In re Sturm*, 11 Cal. 3d 258, 267 (1974); *Swars v. Council of Vallejo*, 33 Cal. 2d 867, 871 (1949).

Therefore, to have taken its final action for purposes of the FCC Shot Clock Rules, the City must have issued a written decision with findings on Petitioner's administrative appeal. It did not do so before February 18, 2025.

     2.  *The City Had Not Taken Final Action Before February 18, 2025.*

The Director's conditional approval of Crown Castle's Permit on January 17, 2025 was not final and noted the Permit was only "conditionally approved." *See* Complaint ¶¶ 90-91. The Director's January 17, 2025 conditional approval letter also noted that appeals could be filed to contest the conditional approval with five (5) calendar days. *See id*. Petitioner and five other residents did appeal the conditional approval under SMMC 17.10.070(g). *See* Complaint ¶ 92.

The administrative process continued through the Commission's appeal hearing on February 12, 2025. *See* Complaint ¶¶ 102, 123. At the conclusion of that hearing, the Commission voted 5-0 to deny Petitioner's appeal and directed City staff to "return to the Commission with a statement of decision." *See id*. However, the Commission did not issue such a statement of decision prior to February 18, 2025, and, therefore, the City had not acted on Crown Castle's application. *Cummings*, 214 Cal. App. 3d at 922; *Topanga*, 11 Cal. 3d at 515. Accordingly, the Permit was appropriately deemed granted, as a matter of law on February 18, 2025 with Crown Castle's letter. Petitioner's Fourth Cause of Action should be dismissed with prejudice as a result.

**C.**  **The Deemed Granted Permit Moots Petitioner's First Three Causes Of Action, Rendering Them Deficient As A Matter Of Law.**

Petitioner cannot state a claim for any of its first three causes of action because each is premised on the assertion that the Commission's March 18, 2025 written Statement of Decision was the final operative action by the City subject to appeal. Complaint ¶¶ 139, 158-160, 163. However, for all the reasons demonstrated above, the City was deprived of any authority to take further action on the Permit after Crown Castle deemed the Permit granted under Government Code § 65964.1 on

February 18, 2025.  Crown Castle's invocation of the deemed grant under Section 65964.1 meant that the City was no longer authorized to take further action on the Permit.  *See Chino MHC, LP v. City of Chino*, 210 Cal. App. 4th 1049, 1076-1077 (2012) (once a permit application is deemed complete by expiration of 30-day period without agency action, it necessarily follows that the agency cannot later deny the application on grounds it is incomplete); *Ciani v. San Diego Trust & Sav. Bank*, 233 Cal. App. 3d 1604, 1613 (1991) ("tardy issuance of a paper permit by the agency which has too long delayed in its original obligation should have no effect upon the prior operative date of the permit acquired by operation of law"); *Orsi v. City Council*, 219 Cal. App. 3d 1576, 1587-1588 (1990) (actions by agency after permit was deemed approved by operation of law are of no effect).

*Orsi* is a factually analogous deemed grant case that arose in the context of the Permit Streamlining Act (PSA) (Cal. Gov. Code, § 65920 et seq.), a statute like section 65964.1 and the Shot Clock Rules that recognizes that an agency's delay can constitute an effective permit denial.  *See Orsi*, 219 Cal. App. 3d at 1584.  The PSA sets time limits by which a reviewing agency must determine the application's completeness (thirty days) and then must act to either approve or deny it (for the "planned unit development" permit in the *Orsi* case, six months).  *See id*. at 1583. In *Orsi*, the court determined that plaintiff developers submitted their application on May 27, 1986, and it was deemed complete on June 26, 1986 because the defendant city did not act within 30 days.  *See id*. at 1584.  The court further held that the application was deemed approved by operation of law on December 26, 1986 because the city did not approve or deny it within six months.  *See id*. at 1587.  Critically, the court rejected the city's claim that the developers' participation in the city council's public meetings after the deemed approval had waived or extended the mandatory six-month time limit and held that the city had no power to deny the application after deadline had passed.  *See id*. at 1588 ("When council failed to approve or disapprove plaintiffs' project by December 26, 1986, it was approved by operation of law. Subsequent acts of the City culminating in the eventual 'denial' of plaintiffs' application were to no effect.").  *Orsi* therefore stands for the dual proposition that once a permit is deemed granted by operation of law, the reviewing agency's subsequent actions have no

1 effect, and the applicant's voluntary participation after the deemed grant deadline does not waive or

2 extend the mandatory time period.

3        Petitioner's allegation that the February 18 deemed granted letter was untimely is not

4 supported by law. Complaint ¶¶ 176, 179; *see Orsi*, 219 Cal. App. 3d at 1588.  The deadline for the

5 City to act on Crown Castle's Permit was January 17, 2025, and the Director's conditional approval

6 of the Permit, Crown Castle's participation in the February 12, 2025 hearing, and the Commission's

7 oral vote at the February 12, 2025 hearing do not extend that deadline or constitute final action by the

8 City.  *See Orsi*, 219 Cal. App. 3d at 1587 ("Under no circumstances can [participation in hearing] be

9 construed as an agreement to extend the time limits.").  Moreover, as *Orsi* makes clear, the City's

10 post-deemed-grant written decision is of no effect.  *Id*. at 1588.  The City's actions, and Crown

11 Castle's participation, after the deemed grant are of no effect.  *Id*.

12        Petitioner, therefore, cannot state a claim for her first three Causes of Action because the

13 March 18, 2025 written decision on which those Causes of Action are based is legally ineffective;

14 there is no final action by the City for Petitioner to challenge.  Crown Castle's deemed granted notice

15 is the final action, and only the City had the ability to seek judicial review of that notice under Cal.

16 Gov. Code § 65964.1(a)(3)(B), which it did not.

17 **V.    CONCLUSION**

18        For the reasons above, the Court should dismiss the Complaint in its entirety with prejudice.

19

20  Dated:  July 1, 2025                      Respectfully submitted,

21                                   MINTZ LEVIN COHN FERRIS
                                   GLOVSKY AND POPEO, P.C.

22                               */s/ Paige E. Adaskaveg*

23                                    Paige E. Adaskaveg
                                   Thomas Scott Thompson (*Pro Hac Vice forthcoming*)

24                                    Ryan T. Dougherty (*Pro Hac Vice forthcoming*)

25                                    Attorneys for Real Parties in Interest/Defendant
                                   CROWN CASTLE FIBER LLC and VERIZON

26                                    WIRELESS

27

28

DEFENDANTS CROWN CASTLE FIBER LLC AND VERIZON WIRELESS'S NOTICE OF MOTION
AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF – CASE NO. 3:25-CV-04890-JD