1  Law Offices of Ariel Strauss
   Ariel Strauss (Cal. Bar No. 232280)
2  92 Pine Hill Dr., El Sobrante, CA 94803
3  ariel@alegal.info
   (310) 709-1213
4  Attorney for Petition/Plaintiff

5              **UNITED STATES DISTRICT COURT**

6              **NORTHERN DISTRICT OF CALIFORNIA**

7  ALICIA WOODFALL-JONES, an individual,        Case No. 3:25-CV-04890

8              Petitioner,                       **PETITIONER'S MOTION FOR EXTENSION
                                                 OF TIME TO FILE RULE 12(F) MOTION,**
9        vs.                                     **SUPPORTING DECLARATION AND
                                                 PROPOSED ORDER**
10 CITY OF SAN MATEO, by and through the
11 CITY COUNCIL OF THE CITY OF SAN               [*Removed from the Superior Court of the State of
   MATEO; MATT FABRY, an individual, in         California, County of San Mateo*
12 his capacity as the Director of the Public    *(State Court Case No. 25-CIV-03590)*]
   Works Department of the City of San Mateo;
13 and the SUSTAINABILITY &                      Hearing Date for Motion to Dismiss: September 4,
   INFRASTRUCTURE COMMISSION OF                  2025
14 THE CITY OF SAN MATEO,                        Time: 10:00 a.m.
15                                               Judge: Hon. James Donato
             Defendant/Respondents,              Ctrm: Courtroom 11, 19th Floor
16                                               450 Golden Gate Avenue,
   CROWN CASTLE FIBER LLC, a New York            San Francisco, CA 94102
17 limited liability company; and VERIZON
18 WIRELESS,                                     Complaint Filed: May 8, 2025

19           Defendants/Real Parties in          Trial: TBD
20 Interest.

21       Pursuant to the Local Rule 6-3, Petitioner Alicia Woodfall-Jones respectfully requests that the
22
23 Court toll Petitioner's deadlines provided in Federal Rules of Civil Procedures Rule 12(f) for filing a
24 motion objecting to the affirmative defenses stated in the *Answer to Petition and Complaint*.
   **The grounds for seeking an extension are as follows:**
25
26       1.      On May 8, 2025, Petitioner filed a *Verified Petition for Writ of Mandate and Petition
   *for Declaratory Judgement* in San Mateo Superior Court. On June 10, 2025, Crown Castle filed a
27 *Notice of Removal Action* (Dkt. 1), removing this suit to this Court.
28

2.      On July 1, 2025, Real Parties in Interest Crown Castle and Verizon Wireless jointly filed a *Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities in Support Thereof* (Dkt. 13) ("Motion to Dismiss").

3.      One July 1, 2025, the City of San Mateo-affiliated Respondents ("City") filed an *Answer to Petition and Complaint* (Dkt. 11) ("Answer").

4.      On July 14, 2025, Petitioner filed a *Notice and Motion for Remand* together with a *Memorandum of Points and Authorities* (Dkt. 19) ("Motion for Remand").

5.      On July 16, 2025, parties filed a *Joint Stipulation Regarding Extension of Time for (A) Opposition to Motion for Remand and Hearing Date for Motion for Remand, and (B) Opposition to Motion to Dismiss and Hearing Date for Motion to Dismiss* (Dkt. 21) extending the date for Petitioner to respond to the Motion to Dismiss to allow the Court to first determine subject matter jurisdiction by ruling on the Motion to Remand, noting in paragraph 6: "It will be inefficient to prepare and file an opposition and a reply concerning the Motion to Dismiss before the Court rules on the Motion for Remand."

6.      On July 17, 2025, the Court approved the stipulation regarding the extension for responding to the Motion for Remand and ruled concerning the Motion to Dismiss that the "remaining briefing deadlines are stayed" (Dkt. 25).

7.      Petitioner has a reasonable basis to make a motion under Rule 12(f) that, for illustrative purposes only and without limiting the contentions that may be raised, some affirmative defenses are "insufficient" because they do not meet the pleading standards of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and fail to provide "plaintiff fair notice of the defense" under pre-*Iqbal*/*Twombly* case law, *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979), in that they are just bare legal conclusions without any facts whatsoever (*see, e.g.,* AD 2, 3, 4, 5, 6, 7, 12, 13); others appear to be negative defenses (*see e.g.,* AD 1, 9), or can only potentially apply to some but not all causes of action (*see e.g.,* AD 1, 10), or are irrelevant to the causes actually pled (AD 15 (no tort claims asserted)) and not a defense at all (AD 16 ("additional defenses")). *See*

PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE RULE 12(F) MOTION, SUPPORTING DECL. & PROPOSED ORDER– CASE NO. 3:25-CV-04890

*Solutions v. Falck N. Cal. Corp.,* No. 19-cv-06104-SBA, 2021 U.S. Dist. LEXIS 202648 (N.D. Cal. June 7, 2021) (applying Rule 12(f) to similar defenses).

8.    On July 16, 2025, counsel for Petitioner sent an e-mail to counsel for the City summarizing objections to the affirmative defenses in the Answer and requested the City's concurrence in seeking an extension of Petitioner's due date to file a Rule 12(f) motion until after resolution of the pending Motion to Dismiss (Strauss Decl., ⁋ 4).

9.    On July 17 and July 18, 2025, counsel for Petitioner and counsel for the City met and conferred by telephone for the purpose of resolving a dispute regarding the affirmative defenses in the Answer (Strauss Decl., ⁋ 5).

10.    Petitioner sought the City's concurrence in tolling Petitioner's deadline for filing a 12(f) motion on the Answer until after resolution of the pending Motion to Remand but City did not concur (Strauss Decl., ⁋ 6).

11.    The deadline for Petitioner filing a motion under Rule 12(f) is 21 days from the date of the City filing its Answer, which is July 22, 2025.

12.    Petitioner intends to file a motion under Rule 12(f).

13.    A hearing on the Motion to Dismiss is set for September 4, 2025, and, in due course, the Court will issue a ruling on the Court's subject matter jurisdiction over the case.

14.    In the event that the Court orders remand of the Petition, the Court would no longer have jurisdiction over the Answer, or any motion made pursuant to Rule 12(f).

15.    It will be inefficient for Petitioner to prepare and file a Rule 12(f) motion and the City to respond before the Court rules on the Motion for Remand.

16.    On June 13, 2025, parties filed a *Joint Stipulation Regarding Extension of Time to Respond to the Complaint* (Dkt. 6) and on July 16, 2025, parties filed a second Stipulation (Dkt. 21) as explained in the previous paragraphs. There have not been any other time modifications in the case, whether by stipulation or Court order.

PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE RULE 12(F) MOTION, SUPPORTING DECL. & PROPOSED ORDER– CASE NO. 3:25-CV-04890

17.    The instant requested time modifications should not have any impact on the schedule of the case as the timeframe for Petitioner's Rule 12(f) motion could run simultaneously with the schedule that the Court will set for Petitioner's opposition to the Motion to Dismiss.

18.    Petitioner contends that no party will be prejudiced by the adjustment to the schedule requested by this motion.

**WHEREFORE**, pursuant to Local Rule 6-3, in an effort to avoid unnecessary briefing and consistent with the Court's ruling of July 17, 2025, for the reasons described in the above paragraphs, Petitioner respectfully requests that the Court stay the deadlines associated with filing motions under Rule 12(f).

Dated:  July 22, 2025

Respectfully submitted,


*/s/Ariel Strauss*

Ariel Strauss
92 Pine Hill Dr.
El Sobrante, CA 94803

Attorney for Petitioner Alicia Woodfall-Jones

PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE RULE 12(F) MOTION, SUPPORTING DECL. & PROPOSED ORDER– CASE NO. 3:25-CV-04890

**DECLARATION OF ARIEL STRAUSS IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RULE 12(F) MOTION**

I, Ariel Strauss, declare:

1.  I am an attorney licensed in the State of California and counsel for Petitioner Alicia Woodfall-Jones in the above-captioned matter.

2.  This declaration is submitted in support of Petitioner's *Motion for Extension of Time to File Rule 12(f) Motion*.

3.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

4.  On the morning of July 16, 2025, I sent an e-mail to Robert C. May, III, counsel for the City of San Mateo Respondents, notifying Mr. May of the Petitioner's intended bases for a Rule 12(f) motion objecting to affirmative defenses stated in the City's *Answer to Petition and Complaint* ("Answer") filed July 1, 2025, and requesting the City's support in a "motion that pushes the due date for a 12(f) motion by Petitioner to 10 days after a ruling on jurisdiction as provided in the stipulation filed yesterday concerning the motion to dismiss[.]"

5.  On July 17 and July 18, 2025, I conferred with Mr. May by telephone concerning Petitioner's objections to the Answer, agreeing to a potential compromise regarding the City's formulation of the affirmative defenses and Petitioner's interest in obtaining an extension of the deadline for filing a Rule 12(f) motion.

6.  On July 18, 2025, Mr. May relayed that the City was not amenable to a joint stipulation extending Petitioner's due date for filing a Rule 12(f) motion.

7.  I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct.

Executed on July 22, 2025 at Hercules, California.

Respectfully submitted,

*/s/Ariel Strauss*
Ariel Strauss
92 Pine Hill Dr.
El Sobrante, CA 94803

Attorney for Petitioner Alicia Woodfall-Jones

PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE RULE 12(F) MOTION,
SUPPORTING DECL. & PROPOSED ORDER– CASE NO. 3:25-CV-04890

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALICIA WOODFALL-JONES, an individual,<br>    Petitioner,<br><br>     vs.<br><br>CITY OF SAN MATEO by and through the<br>CITY COUNCIL OF THE CITY OF SAN<br>MATEO; MATT FABRY, in his capacity as the<br>Director of the Public Works Department of the<br>City of San Mateo; and SUSTAINABILITY &<br>INFRASTRUCTURE COMMISSION OF THE<br>CITY OF SAN MATEO;<br>    Respondents | Case No.: 3:25-CV-4890-JD<br><br>**[PROPOSED] ORDER**<br><br>[Removed from the Superior Court of the<br>State of California, County of San Mateo<br>(State Court Case No. 25-CIV-02590)] |
| CROWN CASTLE FIBER LLC, a New York<br>limited liability company; VERIZON<br>WIRELESS, and DOES 1 through 10, inclusive,<br>    Real Parties in Interest. | |

1

2

**[PROPOSED] ORDER**

3

After considering *Petitioner's Motion for Extension of Time to File Rule 12(F) Motion*, and

4

evidence submitted supporting and opposing the Motion, it is hereby ORDERED that Plaintiff's

5

motion is GRANTED.

6

The due date for Petitioner to file any motion under Rule 12(f) in response to the *Answer to*

7

*Petition and Complaint,* filed July 1, 2025, is tolled pending further action by this Court.

8

IT IS SO ORDERED:

9

Date: _____

10

11

12

JAMES DONATO

13

_____

14

United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE RULE 12(F) MOTION,
SUPPORTING DECL. & PROPOSED ORDER– CASE NO. 3:25-CV-04890